IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 5 2002
U.S. DISTRICT COURT

| | |
|---|---|
| DAVID BUCHHOLZ, RICHARD BERKOWITZ, HAROLD CUNNINGHAM, ROBERT GRAFTON, ROBERT KELLEY, ROBERT KRALOVETZ, DUANE KULLBERG, JOHN LEWIS, GILBERT VIETS, and RONALD WADE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ARTHUR ANDERSEN LLP and ANDERSEN WORLDWIDE, S.C., | ) ) ) |
| Defendants. | ) |

**02C 2125**

Case No.   JUDGE GETTLEMAN

MAGISTRATE JUDGE MASON

## CLASS ACTION COMPLAINT FOR
## DECLARATORY, INJUNCTIVE AND OTHER RELIEF

Plaintiffs, David Buchholz, Richard Berkowitz, Harold Cunningham, Robert Grafton,

Robert Kelley, Robert Kralovetz, Duane Kullberg, John Lewis, Gilbert Viets and Ronald Wade,

for themselves, and all other persons similarly situated ("Class Members" and collectively with

named plaintiffs "Class Plaintiffs"), by counsel, and for their class action complaint, allege upon

personal knowledge as to their own acts, and otherwise upon information and belief based upon

the investigation made by and through their attorneys, as follows:

### NATURE OF ACTION

1.     This action arises out of the current financial difficulties of Arthur Andersen LLP

and Andersen Worldwide, S.C. (collectively "Andersen" or the "Company"). The named Class

Plaintiffs were classified as "partners" by Arthur Andersen LLP during the period that they provided services to Andersen and they are now retired.

2.      Class Plaintiffs entered into a partnership agreement with Andersen, that, among other things, entitles Class Plaintiffs to certain pension and welfare benefits upon their retirement from Andersen.  Although nominally classified as "partners" during the period that they provided services to Andersen, certain of the Class Plaintiffs are substantively "employees" for purposes of the Employment Retirement and Income Security Act of 1974, as amended, 29 U.S.C. §1001 et. seq. ("ERISA").  Accordingly, the plans from which these pension benefits are provided to the Class Plaintiffs are "employee benefit plans" within the meaning of ERISA §3(4), 29 U.S.C. §2001(4), and are subject to the applicable requirements of ERISA.  In the case of the pension plans, ERISA requires compliance with minimum funding requirements and that the assets of the pension plans be held in trusts that are exempt from the claims of Andersen.

3.      Because Andersen presently funds Class Plaintiffs' pension plans from current revenue, Andersen's financial difficulties threaten its ability and/or willingness to fund Class Plaintiffs' pension benefits.  Moreover, Plaintiffs understand and believe that Andersen is considering or planning to release all of its current employees from the non-compete agreements they entered into upon employment with Andersen, which will allow current Andersen employees to begin employment with other employers immediately and to take Andersen's clients with them.  If Andersen releases its employees from their non-compete agreements, the result will be the effective dissolution of Andersen's operations and the elimination of Andersen's current revenue that is the source of funding for Class Plaintiffs' pension benefits.

4.      Plaintiffs, on behalf of themselves and the Class Members and the pension plans, seek (1) an order of this Court, pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), enforcing

2

the applicable provisions of ERISA, including ERISA's minimum funding and trust requirements for pension plans; (2) an order pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) declaring the Plaintiffs' rights under ERISA and the partnership agreement with respect to Class Plaintiffs' pension and welfare benefits; (3) an order enjoining Andersen from dissipating its assets, requiring Andersen to set aside in trust sufficient assets to satisfy ERISA's minimum funding requirements with respect to the pension plans; and (4) an order imposing a constructive trust over as much of Andersen's assets as are necessary to fund the Class Plaintiffs' retirement benefits. Plaintiffs also seek (1) an award of damages against Andersen on behalf of the pension plans to compensate them and Class Members for Andersen's violations of fiduciary duties, pursuant to ERISA §§409 (29 U.S.C. 1109) and 502(a)(2) (29 U.S.C. 1132(a)(2)), and (2) an award of damages to Class Plaintiffs for any injury suffered as a result of Andersen's actions as alleged in this Complaint.

## JURISDICTION AND NATURE OF ACTION AND VENUE

5.     This Court has jurisdiction over this action in that the causes of action arise, in part, under ERISA, 29 U.S.C. §1001 et. seq.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1391(c) in that: Defendant Arthur Andersen LLP has executive offices located in this District; a substantial part of the events or omissions giving rise to these claims occurred in this District; and a substantial part of the property that is the subject of this action is situated in this District.

## THE PARTIES

7.     Named Plaintiffs David Buchholz, Richard Berkowitz, Harold Cunningham, Robert Grafton, Robert Kelley, Robert Kralovetz, Duane Kullberg, John Lewis, Gilbert Viets and Ronald Wade were employed by Arthur Andersen LLP and are now retired from Andersen.

8.     Defendant Arthur Andersen LLP is a general partnership formed under the laws of Illinois.  Defendant Andersen Worldwide, S.C. is a Société Coopérative formed under the laws of the Swiss Confederation.

## CLASS ACTION ALLEGATIONS

9.     Plaintiffs bring this action on their own behalf and as a class action pursuant to Rule 23 (a) and Rule 23 (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of all retired "partners" of Andersen.  Excluded from the Class are defendants, any entity in which any defendant has a controlling interest or is a part or subsidiary of, or is controlled by any defendant, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors and assigns of defendants.

10.     The Class represented by Plaintiffs in this action, and of which Plaintiffs are members, consists of retired "partners" of Andersen who are entitled to employee benefits pursuant to agreement with Andersen and who are at risk of losing their employee benefits.

11.     The exact number of Class Members, as identified and described above, is not known at this time and can be ascertained only through appropriate discovery.  Plaintiffs believe that there are at least 450 Class Members.  The Class Members are so numerous and geographically dispersed that joinder of all individual members in this action is impracticable.

12.     Common questions of law and fact exist as to all Class Members and predominate over any questions affecting solely individual Class Members.  Among the issues in this action are:  whether the pension benefit plans for Class Members comprise ERISA pension plans for which Andersen is under a duty to satisfy ERISA's minimum funding requirements and trust requirements, the rights and obligations of the parties with respect to retiree medical benefits provided to the Class Members; and the rights and obligations of the parties under the

4

partnership agreement and other policies and agreements of Andersen concerning pension benefits, early retirement benefits and pro forma capital balance benefits.

13.     The claims of Plaintiffs are typical of the claims of the Class Members in that the claims of all Class Members, including Plaintiffs, are based on the same legal theories and depend on the same showing of acts or omissions of Andersen that give rise to the relief Plaintiffs seek, and each Class Member has sustained damages or is at risk of sustaining damages arising out of defendants' conduct.  There is no conflict as between any individual named Plaintiff and any other Class Member with respect to the claims for relief set forth in this Complaint, and Plaintiffs have no interests antagonistic to other Class Members.

14.     The named Plaintiffs are the representative parties for the Class, and are able to, and will, fairly and adequately protect the interests of the Class.  Certain of the named Plaintiffs are members of the Steering Committee of the U.S. Retired Partners Action Group, which is comprised of and represents the interests of retired "partners" of Arthur Andersen.  The attorneys for the Plaintiffs are experienced and capable in litigation of this type and have successfully represented claimants in similar litigation.  Plaintiffs anticipate no difficulty in the management of this action as a class action.

15.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy because all Plaintiffs are parties to the same agreement, entitled to the same employee benefits, have suffered or are at risk of suffering damages as a result of the same conduct of defendants, and because joinder of all Class Members is impracticable.

## GENERAL ALLEGATIONS

16.     The Class Plaintiffs, pursuant to their employment with Andersen, entered into a Partnership Agreement as amended and Restated Effective September 1, 1995 ("Partnership Agreement") with Andersen.

17.     The Partnership Agreement, along with other Andersen policies and/or agreements, defined the terms of the Class Plaintiffs' benefits upon retirement from Andersen.

18.     The Partnership Agreement entitles the Class Plaintiffs to benefits under basic retirement benefit plans and early retirement benefit plans (the "pension plans"), while Andersen's other policies and/or agreements entitle the Class Plaintiffs to health and welfare benefits and certain other benefits (collectively, the "retirement plans").

19.     The basic retirement benefit plans, governed by Articles 12 and 19 of the Partnership Agreement and Section 7.0.0 of Andersen Worldwide Policies AWP 12 ("AWP 12"), provide for an annual benefit to be paid in monthly installments for the life of the eligible participant.

20.     The early retirement benefit plans, governed by Article 12 of the Partnership Agreement and Section 9.0.0 of AWP 12, provide for the payment of a percentage of earnings to eligible participants from the early retirement date to the mandatory retirement date. Eligible participants may elect to receive these benefits in a lump sum payment or in installment payments over ten years.

21.     The health and welfare plans, governed by Sections 14-22 of AWP 12, allow an eligible participant to maintain their Andersen pre-retirement medical, dental, life and other insurance coverage benefits by assuming the obligation to pay the coverage premiums.

22.     In addition to these retirement benefit plans, Articles 12 and 18 of the Partnership Agreement and Section 8.0.0 of AWP 12 establish a benefit under which retired partners may receive their pro forma capital balance either as a rateable payment over a period of up to ten years or in a lump sum payment of the entire amount at their retirement date.

23.     Each of the Class Plaintiffs retired from their respective positions at Andersen and began receiving benefits pursuant to the retirement plans.

24.     Andersen has been funding the Class Plaintiffs' retirement plans from the current assets and revenue of the Company.

25.     The Class Plaintiffs presently are entitled to benefits under the retirement plans. However, Class Plaintiffs' receipt of these benefits is threatened due to Andersen's actual and anticipated conduct.

26.     The accrued benefits of the Class Plaintiffs' retirement plans are estimated to exceed $400 million.

27.     In order to protect the business interests of Andersen, Article 26 of the Partnership Agreement contains a bonding clause (the "non-compete agreements") that prohibits partners from providing professional services to clients or prospective clients of Andersen, or from inducing away from Andersen any personnel, for the eighteen months following their departure from Andersen. The non-compete provisions also prohibit partners from soliciting clients away from Andersen during, or for the twelve months following, their employment at Andersen.

28.     Andersen is planning to release all of its employees from their non-compete agreements, which will allow current Andersen employees to immediately begin taking Andersen clients away from Andersen. Because the employees comprise the primary assets of Andersen and are the source of Andersen's current revenue, Andersen's actual and anticipated

actions will effectively liquidate all the assets of the Company and will eliminate the Company's current revenue.

**COUNT I**
**CLAIM FOR EQUITABLE RELIEF UNDER**
**ERISA ENFORCING THE MINIMUM FUNDING**
**REQUIREMENTS AND TRUST REQUIREMENTS**

29.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Andersen and Class Plaintiffs entered into a Partnership Agreement pursuant to which a basic retirement benefit plan and an early retirement benefit plan were established.

31.     Many of the Class Plaintiffs, having no substantive responsibility and involvement in Andersen's management, were "employees" for purposes of ERISA during their employment with Andersen.

32.     Because many of the Class Plaintiffs were and are "employees" for the purposes of ERISA, the pension plans are governed by ERISA.

33.     Because many of the Class Plaintiffs were and are "employees" for purposes of ERISA, all of the plan participants, i.e., all Plaintiffs and all Class Members, are participants in ERISA benefit plans.

34.     ERISA mandates that all ERISA pension plans not otherwise exempt meet certain minimum funding standards and that the assets of the plans be held in trusts that are exempt from the claims of the sponsoring employer's creditors.  ERISA §§ 301, 302 and 403, 29 U.S.C. §§1081, 1082 and 1101.  Accordingly, Andersen is legally obligated to meet the minimum funding standards for the pension plans and refrain from acting in any way that would endanger the assets and funding of the pension plans.

8

## COUNT II
## DECLARATION OF PLAINTIFFS' RIGHTS
## UNDER THE EMPLOYEE BENEFITS PLANS
## PURSUANT TO ERISA SECTION 502(a)(B)

35.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

36.     Andersen and Class Plaintiffs entered into a Partnership Agreement that entitles the Class Plaintiffs to benefits under basic retirement benefit plans and early retirement benefit plans, while Andersen's other policies and/or agreements entitle the Class Plaintiffs to health and welfare benefits and certain other benefits.

37.     The Partnership Agreement establishes a lump sum payment option under both the early retirement benefit plan and the pro forma capital balance benefit that obligates Andersen to provide the lump sum payment upon request.

38.     Many of the Class Plaintiffs have demanded the lump sum payments to which they were entitled but have not received them. Andersen thereby breached its obligations under the Partnership Agreement.

39.     Many have demanded assurances from Andersen with respect to the continuation of the health and welfare benefits promised them by Andersen and have not received such assurances.

40.     ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), authorizes a participant or beneficiary to bring a civil action to enforce his or her rights under the terms of a plan or to clarify his or her rights to future benefits under the terms of the plan.

41.     Defendants have damaged Plaintiffs and all Class Members by endangering their current and future retirement benefits.

## COUNT III
## CLAIM FOR EQUITABLE RELIEF UNDER ERISA SECTION 502 AND FOR APPROPRIATE RELIEF UNDER ERISA SECTION 409

42.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

43.     As sponsor and administrator of the pension plans, Andersen has a fiduciary duty to satisfy (1) the minimum funding standards of ERISA §302, 29 U.S.C. 1082 with respect to the pension plans, and (2) the trust requirements of ERISA §403, 29 U.S.C. 1103.

44.     Anderson has breached its fiduciary with respect to the pension plans by failing to administer the pension plans in accordance with the minimum funding standards and the trust requirements.

45.     As a result of Andersen's fiduciary breaches, the pension plans are not adequately funded.

## COUNT IV
## BREACH OF CONTRACT

46.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

47.     The Class Plaintiffs and Andersen entered into a valid Partnership Agreement that established the early retirement benefit plan and the pro forma capital balance benefit.

48.     The Partnership Agreement establishes a lump sum payment option under both the early retirement benefit plan and the pro forma capital balance benefit which obligates Andersen to provide the lump sum payment upon request.

49.     Many of the Class Plaintiffs demanded lump sum payments pursuant to the Partnership Agreement.

50.     Andersen denied the Class Plaintiffs the lump sum payments to which they were entitled, thereby breaching its obligations under the Partnership Agreement.

51.     The Class Plaintiffs have materially performed their obligations under the Partnership Agreement.

52.     Andersen's breach harmed the Class Plaintiffs by depriving them of their benefits under the early retirement benefit plan and the pro forma capital balance benefit.

**COUNT V**
**ANTICIPATORY BREACH OF CONTRACT**

53.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

54.     The Class Plaintiffs and Andersen entered into a valid Partnership Agreement.

55.     The Partnership Agreement obligates Andersen to meet ERISA's minimum funding requirements and trust requirements and to fund other benefits to the Plaintiffs and the Class Members.

56.     Andersen's actions make it clear that it is planning or considering a plan to liquidate the assets of the Company, intentionally rendering Andersen unable to perform its obligations under the Partnership Agreement with Plaintiffs and the Class Members and its obligations under ERISA with respect to the pension benefits of the Plaintiffs and the Class Members.

57.     Andersen's failure to meet ERISA's requirements with respect to the Class Plaintiffs' pension benefits and to fund the Class Plaintiffs' other benefits would be a material breach of the Partnership Agreement.

58.     The Class Plaintiffs have materially performed their obligations under the Partnership Agreement.

59.     Andersen's breach would harm the Class Plaintiffs by depriving them of their pension and other benefits.

**COUNT VI**
**FRAUDULENT CONVEYANCE UNDER SECTION 5(a)(1)**
**OF THE UNIFORM FRAUDULENT TRANSFERS ACT**

60.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

61.     Pursuant to the Partnership Agreement and Andersen's other policies and/or agreements, Class Plaintiffs have a right to receive pension and other benefits from Andersen, and Andersen has the legal obligation to pay the pension and other benefits to Class Plaintiffs. Andersen's failure to make these payments would give rise to an immediate claim for payment.

62.     Andersen is planning to release all its employees from their non-compete agreements, thereby allowing its employees to seek employment with Andersen's competitors and to take Andersen's clients with them. Taking such action would effectively liquidate all the assets of Andersen and would eliminate Andersen's current revenue by transferring all the assets of Andersen to its competitors.

63.     Certain Plaintiffs made demand upon Andersen for assurances that the Class Plaintiffs' rights to pension and other benefits already earned under the Partnership Agreement be protected by Andersen and that payment of such benefits by Andersen to the Class Plaintiffs be consistent with Andersen's practices and procedures. Andersen has refused to comply and continues to prepare to release its employees from their non-compete agreements.

64.     Andersen's releasing of its employees from non-compete agreements after refusing to fund Class Plaintiffs' retirement benefits constitutes an intentional transfer of Andersen's assets in order to avoid its obligation to Class Plaintiffs.

12

## COUNT VII
## CONSTRUCTIVE TRUST

65.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

66.     Pursuant to the Partnership Agreement and Andersen's other policies and/or agreements, Andersen has a contractual and fiduciary duty to pay retirement benefits to Class Plaintiffs from the current revenue of the Company.

67.     Because Plaintiffs are entitled to a portion of the Company's revenue, Andersen has duties and responsibilities that prohibit it from freely disposing of, liquidating or otherwise misappropriating its assets where such action would negatively impact the Company's revenues and its ability to fund Class Plaintiffs' retirement plans.  Therefore, even though Andersen has possession of the Company's assets, it does not have unimpeded control over all the assets in its possession.

68.     Andersen has threatened to wrongfully transfer or otherwise dispose of the assets of the Company in violation of its contractual and fiduciary duties to Class Plaintiffs, thereby misappropriating the revenues to which Class Plaintiffs are entitled.

69.     Andersen will be unjustly enriched if it is allowed to avoid its obligation to Class Plaintiffs by exercising unimpeded control over its assets and misappropriating Company revenues.

70.     Without the Court's intervention, Andersen will be able to transfer all its assets and wrongfully avoid its obligation to make benefit payments to Class Plaintiffs, thereby violating Class Plaintiffs' right to receive retirement benefits.

## COUNT VIII
## DECLARATORY RELIEF

71.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

72.     An actual controversy exists between the parties hereto regarding their rights and obligations with respect to retirement benefits provided under the Partnership Agreement and Andersen's other policies and/or agreements. Pursuant to 28 U.S.C. §2201, this Court has the power to make a binding declaration of the rights of the parties.

WHEREFORE, Plaintiffs on their own behalf and on behalf of all Class Members, pray for judgment as follows:

A.  Declaring this action to be a proper class action and certifying Plaintiffs as Class representatives under Rule 23 of the Federal Rules of Civil Procedure;

B.  Declaring that Class Plaintiffs are participants in ERISA benefit plans;

C.  Declaring that Andersen has a legal obligation to meet the ERISA requirements for the benefit plans of the Class Plaintiffs;

D.  Declaring that Andersen's release of its employees from non-compete agreements would constitute a fraudulent conveyance;

E.  Declaring that Andersen has anticipatorily breached the Partnership Agreement;

F.  Preliminarily and permanently enjoining Andersen from taking any action that might endanger the assets and funding of its ERISA plans, including disposition of Andersen's assets;

G.  Preliminarily and permanently enjoining Andersen from releasing its employees from their non-compete agreements without funding the retirement plans;

14

H.   Preliminarily and permanently enjoining Andersen from disposing of any assets without funding the retirement plans;

I.   Avoiding any transfer of Andersen's assets or any obligation Andersen has undertaken to the extent necessary to satisfy Andersen's obligation to fund the benefit plans;

J.   Attaching Andersen's assets to the extent necessary to satisfy Andersen's obligation to fund the benefit plans;

K.   Appointing a receiver to take charge of the assets of Andersen;

L.   Declaring Andersen the trustee of a constructive trust over assets sufficient to fund the accrued benefits of Class Plaintiffs' benefit plans;

M.   Awarding Class Plaintiffs damages in an amount sufficient to fund the benefits of Class Plaintiffs;

N.   Awarding the Plaintiffs their attorneys' fees, costs and expenses in bringing this action; and

O.   Granting such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts set forth above where trial by jury is permitted by law.

Dated:  March 22, 2002

MCGUIREWOODS LLP

By: _____
Theodore R. Tetzlaff
Rodney D. Joslin
Brent D. Stratton
Terri L. Brieske
Jennifer A. Stojak
77 West Wacker Drive, Suite 4400
Chicago, Illinois 60601
(312) 849-8100

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



DAVID BUCHHOLZ,                                    )
RICHARD BERKOWITZ, HAROLD          )
CUNNINGHAM, ROBERT GRAFTON,       )
ROBERT KELLEY, ROBERT KRALOVETZ, )
DUANE KULLBERG, JOHN LEWIS,          )
GILBERT VIETS, and RONALD WADE,      )
on behalf of themselves and all others       )
similarly situated,                                         )
                                                                      )
                        Plaintiffs,                             )
                                                                      )
        v.                                                          )
                                                                      )
ARTHUR ANDERSEN, LLP and ANDERSEN )
WORLDWIDE, S.C.,                                    )
                                                                      )
                        Defendants.                         )

U.S. DISTRICT COURT

# 02C 2125

JUDGE GETTLEMAN

Case No.
MAGISTRATE JUDGE MASON

## NOTICE OF FILING

TO: SEE ATTACHED SERVICE LIST

        PLEASE TAKE NOTICE that on March 22, 2002 the undersigned filed Class

Action Complaint for Decalaratory, Injunctive and Other Relief with the Clerk of the

United States District Court for the Northern District of Illinois, Eastern Division, a copy

of which is attached hereto and herewith served upon you.

Dated: March 22, 2002                           MCGUIREWOODS LLP

                                                             By: _____
                                                                   One of their Attorneys

Theodore R. Tetzlaff
Rodney D. Joslin
Brent D. Stratton
Terri L. Brieske
Jennifer A. Stojak
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4400
Chicago, Illinois 60601
(312) 849-8100
Attorneys for Plaintiffs



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

**DOCKETED**
MAR 2 5 2002

02 MAR 22 PM 3:00

U.S. DISTRICT COURT

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** David Buchholz, Richard Berkowitz, Harold Cunningham, Robert Grafton, Robert Kelley, Robert Kralovetz, Duane Kullberg, John Lewis, Gilbert Viets and Ronald Wade, on behalf of themselves and all others similarly situated

**Defendant(s):** Arthur Andersen LLP and Andersen Worldwide, S.C.

County of Residence: Palm Beach County, Florida

County of Residence: Cook County, Illinois

Plaintiff's Atty: Theodore R. Tetzlaff, Rodney D. Joslin, Brent D. Stratton McGuireWoods LLP 77 W. Wacker Drive, Suite 4400, Chicago, Illinios 60601 (312) 849-8100

Defendant's Atty:

# 02C 2125

## JUDGE GETTLEMAN

II. Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**    MAGISTRATE JUDGE MASON

III. Citizenship of Principal Parties **(Diversity Cases Only)**
          Plaintiff:- **N/A**
          Defendant:- **N/A**

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **791 E.R.I.S.A**

VI. Cause of Action:    **Cause of Action for pension benefits under ERISA, 29 U.S.C. §1001 et. seq., and injunctive relief under Fed. R. Civ. P. 65.**

VII. Requested in Complaint
          Class Action: **Yes**
       Dollar Demand:
       Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/autojs44.cfm

Civil Cover Sheet                                                    Page 2 of 2

**Signature:** _____

**Date:** _____ 3/22/02 _____

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**                     **Revised: 06/28/00**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of
DAVID BUCHHOLZ,
RICHARD BERKOWITZ, HAROLD
CUNNINGHAM, ROBERT GRAFTON,
ROBERT KELLEY, ROBERT KRALOVETZ,
DUANE KULLBERG, JOHN LEWIS,
GILBERT VIETS and RONALD WADE
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

    v.

ARTHUR ANDERSEN, LLP and ANDERSEN
WORLDWIDE, S.C.,

FILED-EDA

02 MAR 22 PH 3:03

U.S. DISTRICT COURT

DOCKETED

MAR 2 5 2002

# 02C 2125

## JUDGE GETTLEMAN

MAGISTRATE JUDGE MASON

Case Number:

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE *Theodore R. Tetzlaff* | SIGNATURE *Rodney D. Joslin* |
| NAME Theodore R. Tetzlaff | NAME Rodney D. Joslin |
| FIRM McGuireWoods LLP | FIRM Same as A |
| STREET ADDRESS 77 W. Wacker Drive, Suite 4400 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60601 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-849-8100    FAX NUMBER | TELEPHONE NUMBER    FAX NUMBER |
| E-MAIL ADDRESS ttetzlaff@mcguirewoods.com | E-MAIL ADDRESS rjoslin@mcguirewoods.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 02812177 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 01370502 |
| MEMBER OF TRIAL BAR?    YES X   NO ☐ | MEMBER OF TRIAL BAR?    YES X   NO ☐ |
| TRIAL ATTORNEY?    YES X   NO ☐ | TRIAL ATTORNEY?    YES X   NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?    YES ☐   NO X |
| (C) | (D) |
| SIGNATURE *Brent D. Stratton* | SIGNATURE *Terri L. Brieske* |
| NAME Brent D. Stratton | NAME Terri L. Brieske |
| FIRM Same as A | FIRM Same as A |

| STREET ADDRESS | | | STREET ADDRESS | | |
|---|---|---|---|---|---|
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | | FAX NUMBER | TELEPHONE NUMBER | | FAX NUMBER |
| E-MAIL ADDRESS bstratton@mcguirewoods.com | | | E-MAIL ADDRESS tbriekse@mcguirewoods.com | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06188216 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06255666 | | |
| MEMBER OF TRIAL BAR? | YES X | NO ☐ | MEMBER OF TRIAL BAR? | YES X | NO ☐ |
| TRIAL ATTORNEY? | YES X | NO ☐ | TRIAL ATTORNEY? | YES X | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO X | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO X |

## INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

1. General Information

Local Rule 53.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

2. Listing of Parties for Whom the Attorney is Appearing

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, e.g., plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, e.g., all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

3. Completing Attorney Information

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

4. Identification Number

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC).

Attorneys who are not members of the Illinois bar should leave this item blank.

5. Attorney (A) and Notices

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, e.g., states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, e.g., attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

6. Appearances and Trial Bar Membership

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

7. Designation of Local Counsel

Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of
DAVID BUCHHOLZ,
RICHARD BERKOWITZ, HAROLD
CUNNINGHAM, ROBERT GRAFTON,
ROBERT KELLEY, ROBERT KRALOVETZ,
DUANE KULLBERG, JOHN LEWIS,
GILBERT VIETS and RONALD WADE
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

  v.

ARTHUR ANDERSEN, LLP and ANDERSEN
WORLDWIDE, S.C.,

DOCKETED
MAR 2 5 2002

JUDGE GETTLEMAN

MAGISTRATE JUDGE MASON

 
02C 2125

Case Number:

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE *Jennifer Stojak* | SIGNATURE |
| NAME Jennifer A. Stojak | NAME |
| FIRM McGuireWoods LLP | FIRM |
| STREET ADDRESS 77 W. Wacker Drive, Suite 4400 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60601 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-849-8100   FAX NUMBER | TELEPHONE NUMBER   FAX NUMBER |
| E-MAIL ADDRESS jstojak@mcguirewoods.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06276003 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |

| STREET ADDRESS | | | STREET ADDRESS | | |
|---|---|---|---|---|---|
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES | NO ☐ | MEMBER OF TRIAL BAR? | YES | NO ☐ |
| TRIAL ATTORNEY? | YES | NO ☐ | TRIAL ATTORNEY? | YES | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO |

## INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

1. General Information

Local Rule 53.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

2. Listing of Parties for Whom the Attorney is Appearing

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, e.g., plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, e.g., all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

3. Completing Attorney Information

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

4. Identification Number

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC).

Attorneys who are not members of the Illinois bar should leave this item blank.

5. Attorney (A) and Notices

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, e.g., states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, e.g., attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

6. Appearances and Trial Bar Membership

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

7. Designation of Local Counsel

Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her